UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL MACHADO; ADRIANO TURBI-GARCIA; and EDITH O'NEILL, as Administratrix of the Estate of MANUEL VERA, Deceased; individually and in behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>–against–<br><br>ELECTCHESTER MANAGEMENT LLC; FIRST HOUSING COMPANY, INC.; SECOND HOUSING COMPANY, INC.; THIRD HOUSING COMPANY, INC.; FOURTH HOUSING COMPANY, INC.; FIFTH HOUSING COMPANY, INC.; ANTHONY CAIOZZO; JOSEPH CAPASSO; GERALD FINKEL; VITO MUNDO; and THOMAS PREZIOSO; jointly and severally,<br><br>Defendants. | 15 CV 4924 (PK) |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF SETTLEMENT AS FAIR PURSUANT TO THE FAIR LABOR STANDARDS ACT, APPROVAL OF SERVICE FEE AWARDS, AND APPROVAL OF ATTORNEYS' FEES AND COSTS**

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement; Approval of the Settlement as Fair Pursuant to the Fair Labor Standards Act ("FLSA"), Approval of Service Fee Awards, and Approval of Attorneys' Fees and Costs; ("Final Approval Motion"). After reviewing the underlying motion, the Memorandum of Law in Support (the "Memorandum"), the Declaration of John Gurrieri ("Gurrieri Decl."), and all other papers submitted in connection with Plaintiffs' Final Approval Motion, the Court hereby finds as follows:

1

1. The Court grants final approval of the Settlement Agreement and Releases ("Settlement Agreement") attached as Exhibit 1 to Plaintiffs' Declaration at ECF No. 297-1;

2. The Court acknowledges that the Notice of Proposed Settlement and Class Action Lawsuit, approved on November 18, 2022 (ECF No. 267), was sent to Class Members by the Court-ordered deadline of December 2, 2022, and that the Class Members were given a fair and full opportunity to be heard at the fairness hearing held on January 23, 2023;

3. The Court acknowledges that no Class Members have come forward to object to the Settlement Agreement and that all Class Members either through themselves or their representatives have filed Claim Forms claiming their share of the Settlement, agreeing to the releases in the Settlement Agreement, and opting in to this action as Collective Action Members;

4. The Court approves the Settlement Agreement as fair pursuant to Federal Rules of Civil Procedure ("Rule") 23(e);

5. The Court finds that the Settlement Agreement is fair pursuant to Rule 23(e)(2) because (1) the representation by Class Representatives and Class Counsel was adequate pursuant to Rule 23(e)(2)(A), (2) the negotiations were reached through arm's-length negotiations between experienced counsel pursuant to Rule 23(e)(2)(B), (3) the relief is adequate for the Class pursuant to Rule 23(e)(2)(C), and (4) the Class Members were treated equitably relative to each other pursuant to Rule 23(e)(2)(D);

6. The Court further finds that the factors enumerated in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), which may fill in any gaps and complete the analysis of fairness, support a finding of fairness. *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 20-CV-456 (RPK)(LB), 2021 WL 7906584, at *5 (E.D.N.Y. May 25, 2021) (collecting cases), *R&R adopted*, Order dated Nov. 22, 2021. The *Grinnell* factors not covered by Rule 23(e)(2)(C)(i) are the reaction

of the class to the settlement, the stage of the proceedings and the amount of discovery completed, the ability of the defendants to withstand a greater judgment, the range of the settlement fund in light of the best possible recovery, and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. These factors all support the finding that the Settlement Agreement is fair pursuant to Rule 23;

7. The Court approves the Settlement Agreement as fair pursuant to the Fair Labor Standards Act as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir 2015). After consideration of the information provided, including that the Settlement Agreement is the product of contested litigation with the assistance of experienced counsel, the Court finds the FLSA settlement is fair and reasonable. *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012);

8. The Court approves the Service Fee Awards for time and effort expended in assisting in the prosecution of this case of $2,250.00 to Ingram Burnett, $2,250.00 to Mario Correa, $1,500.00 to Amaury Cruz, $2,250.00 to Cesar Cruz, $2,250.00 to Geovanny Delossantos, $2,250.00 to Jay Ehrens, $2,500.00 to Daniel Machado, $2,250.00 to Fausto Solano, $2,250.00 to Hector Soto, $5,250.00 to Adriano Turbi-Garcia, $2,500.00 to Manuel Vera, and $2,250.00 to Jose Villaciencio;

9. The Court approves the award of attorneys' fees of $940,024.49, representing 23.84% of the total settlement fund, which the Court finds to be fair and reasonable based on (1) the time and labor expended by Class Counsel, (2) the magnitude and complexities of the litigation, (3) the risk of the litigation, (4) the quality of representation, (5) the requested fee in relation to the settlement, (6) public policy considerations, and (7) the lodestar cross-check. *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000);

10. The Court approves the award of costs to be paid to Class Counsel of $2,975.51 because they are reasonable expenses incurred by Class Counsel in litigating this action;

11. The Court therefore approves the total attorneys' fees and costs of $943,000.00 under III.E.1 of the Settlement Agreement;

12. The parties shall submit a stipulation of voluntary dismissal with prejudice once Defendants make the payments required in Section III of the Settlement Agreement.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: January 23, 2023
Brooklyn, New York